IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**FREDDIE CLECKLEY,**

       **Petitioner,**

v.                                      **Case No. 1:18-cv-01363**

**BARBARA RICKARD, Warden,**
**FCI McDowell,**

       **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), and Respondent's Response to Order to Show Cause and Motion to Dismiss or, in the Alternative, to Transfer, (ECF No. 13). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**; Petitioner's petition be **DENIED**; and that this action be **DISMISSED**, with prejudice, and **REMOVED** from the docket of the Court.

**I.    Relevant Procedural Background**

    *A.  Conviction and Sentence*

In 2010, Petitioner Freddie Cleckley ("Cleckley") pled guilty in the United States District Court for the Western District of Pennsylvania (hereinafter the "Sentencing

1

Court") to a three-count indictment charging him with the following federal crimes: (1) possessing with intent to distribute cocaine base, (2) carrying a firearm in relation to a drug trafficking crime, and (3) being a felon in possession of a firearm. *See Cleckley v. Saas*, No. 2:15-cv-01232-NBF-MPK (W.D. Pa. May 19, 2015), ECF No. 12 at 1. On August 27, 2010, the Sentencing Court determined that Cleckley was a career offender under section 4B1.1 of the United States Sentencing Guidelines (hereinafter the "Guidelines"), and the Sentencing Court imposed a term of imprisonment of 248 months (over 20 years' incarceration). *Id*. According to Cleckley's present petition, he was sentenced as a career offender based on his prior state convictions for aggravated assault under 18 PA. CONS. STAT. § 2702(a)(1) and possession with intent to deliver a controlled substance under 35 PA. STAT. § 780-113(a)(30). (ECF No. 2 at 2).

### B. Direct Appeal

Cleckley appealed his sentence to the United States Court of Appeals for the Third Circuit ("Third Circuit"), which affirmed the judgment of the Sentencing Court on July 28, 2011. *Cleckley v. Saas*, No. 2:15-cv-01232-NBF-MPK (W.D. Pa. May 19, 2015), ECF No. 12 at 1-2. Cleckley did not file a petition for a writ of certiorari in the Supreme Court of the United States ("Supreme Court"). *Id*.

### C. First § 2255 Motion

In September 2011, Cleckley filed in the Sentencing Court a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. *Id*. He argued that his trial counsel was constitutionally ineffective and that the Sentencing Court was biased against him. *Id*. The Sentencing Court denied the motion. *Id*.

### *D. Second § 2255 Motion*

In February 2012, Cleckley filed a second § 2255 motion in the Sentencing Court, again alleging ineffective assistance of counsel. *Cleckley v. Saas*, No. 2:15-cv-01232-NBF-MPK (W.D. Pa. May 19, 2015), ECF No. 12 at 1-2. The Sentencing Court denied the motion as an unauthorized second or successive § 2255 motion, and the Third Circuit denied Cleckley's request for a certificate of appealability, noting that none of Cleckley's claims for relief had merit. *Id.*

### *E. First § 2241 Petition*

In May 2015, Cleckley filed a *pro se* § 2241 petition in the United States District Court for the Northern District of West Virginia, where Cleckley was then incarcerated, and the matter was ultimately transferred to the Sentencing Court. *Id.* at 1. In an Amended Petition, Cleckley argued that his status as a career offender was "called into question" in light of the Supreme Court's decision in *Mathis v. United States,* 136 S. Ct. 2243 (2016). *See Cleckley v. Rickard*, No. 2:15-cv-01232, 2018 WL 4190155, at *3 (W.D. Pa. Aug. 13, 2018), *report and recommendation adopted,* 2018 WL 4181475 (W.D. Pa. Aug. 31, 2018). Cleckley claimed that, when using the methodology set forth in *Mathis,* his prior convictions for drug possession and aggravated assault no longer qualified as predicate felonies under the career offender guidelines. *Id.* The Sentencing Court concluded that Cleckley could not use a § 2241 petition to challenge his sentence enhancement as he had failed to show that § 2255 was an inadequate or ineffective remedy, thereby allowing him to file a § 2241 under the savings clause provided in § 2255(e). *Id.* at *9. Consequently, the Sentencing Court dismissed Cleckley's petition for lack of subject matter jurisdiction, finding that it was a second or successive § 2255 motion for which Cleckley lacked Circuit Court authorization to file. *Id.* at *12.

### F. Third § 2255 Motion

In June 2016, a federal public defender filed on Cleckley's behalf a third § 2255 motion in the Sentencing Court, arguing that Cleckley should be resentenced because his prior conviction for aggravated assault no longer qualified as a crime of violence given the Supreme Court's decision in *Johnson* v. *United States,* 135 S. Ct. 2551 (2015). *See United States v. Cleckley*, No. 2:09-cr-00246 (W.D. Pa. June 14, 2016), ECF No. 94. In *Johnson*, the Supreme Court considered a portion of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), under which a person could receive more severe punishment if the person had at least three prior "violent felony" convictions. *Johnson,* 135 S. Ct. at 2555. In particular, the Supreme Court examined one clause of the ACCA, the "residual clause," which defined the term "violent felony" to include any crime punishable by imprisonment for a term exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The Supreme Court found that the broad definition of "violent felony" contained in the ACCA's residual clause was unconstitutionally vague, because it left too much uncertainty as to what acts and crimes would qualify as violent felonies. *Id.* at 2557-58. Therefore, the Supreme Court found that imposing an enhanced sentence under the residual clause of the ACCA violated the Constitution's guarantee of due process. *Id.* at 2563. On April 18, 2016, the Supreme Court determined that the *Johnson* decision announced a new substantive rule that had retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

Based on the *Johnson* decision, Cleckley argued in his third § 2255 motion that his prior conviction for aggravated assault was improperly classified as a crime of violence under § 4B1.2(a)(2) of the Guidelines, because the provision contained the same language

as the ACCA's residual clause, which was found to be unconstitutionally vague. *United States v. Cleckley*, No. 2:09-cr-00246 (W.D. Pa. June 14, 2016), at ECF No. 94.

While Cleckley's § 2255 motion was pending, the Supreme Court issued a decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), which directly addressed the constitutionality of the residual clause in § 4B1.2(a)(2) of the Guidelines given the *Johnson* decision striking down the same clause in the ACCA. The Supreme Court concluded that the residual clause in the Guidelines was not unconstitutionally vague, explaining that "[u]nlike the ACCA … the advisory Guidelines do not fix the permissible range of sentences." *Beckles*, 137 S. Ct. at 892. Rather, the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id*. As such, the Supreme Court found that "the Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in §4B1.2(a)(2) therefore is not void for vagueness." *Id*.  Following the *Beckles* ruling, Cleckley's public defender filed a notice of dismissal, voluntarily dismissing Cleckley's third § 2255 motion. *Cleckley*, No. 2:09-cr-00246, ECF No. 99.

### G. Present § 2241 Petition

On October 15, 2018, Cleckley filed the present *pro se* habeas petition under § 2241. (ECF No. 1). Relying on the decision of the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") in *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018), he argues that he should be allowed to proceed "through the savings clause portal" of § 2241 and be granted relief from his career offender enhancement under the Guidelines. (ECF Nos. 1, 2). Like his prior § 2241 petition and § 2255 motion in the Sentencing Court, Cleckley again contends that his prior convictions for aggravated assault under 18 PA. CONS. STAT. § 2702(a)(1) and possession with intent to deliver a controlled substance

5

under 35 PA. STAT. § 780-113(a)(30) no longer count as predicate felonies for purpose of the career offender enhancement under the Guidelines. (ECF Nos. 1, 2).

The undersigned entered an order directing Respondent Barbara Rickard to show cause why Cleckley's petition should not be granted. The United States Attorney for the Southern District of West Virginia (hereinafter "the government") filed on Respondent's behalf a response and combined motion to dismiss, or, in the alternative, motion to transfer Cleckley's petition to the appropriate court. (ECF No. 13). In support of the motion, the government first noted that the petition was inappropriate under § 2241 because it involved the imposition, rather than the execution, of Cleckley's sentence. (*Id*. at 3). Therefore, the government asserted that Cleckley's remedy, if any, rested under § 2255. (*Id*.). However, according to the government, it would be futile to construe the petition as a § 2255 motion and transfer it to the appropriate court for two reasons: (1) Cleckley is time barred from bringing a § 2255 motion because it has been more than one year since his conviction became final, and (2) he has already filed three § 2255 motions and has not received permission from the Third Circuit to file a second or successive motion. (*Id*.). The government pointed out that Cleckley's federal public defender had already advanced in the Sentencing Court—the court that would have jurisdiction in any potential § 2255 action filed by Cleckley—the very argument that he now raises in this § 2241 petition, and his counsel voluntarily dismissed the action following the *Beckles* decision. (*Id*. at 3-4).

The government conceded that the "savings provision" in § 2255(e), allows a federal prisoner to challenge his conviction under § 2241 if his remedy under § 2255 is inadequate or ineffective but maintained that the savings clause does not apply to Cleckley's petition. (*Id*. at 4). The government cited the Fourth Circuit's decision in *United*

6

*States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015), which held that sentencing a defendant as a career offender under the advisory Guidelines does not meet the "remarkably high bar" of § 2255(a), and its later decision in *Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018), stating that a misapplied career offender enhancement under the advisory Guidelines was not a fundamental defect for the purpose of the savings clause. (*Id.* at 5). Therefore, the government explained that, even if Cleckley could establish that his prior convictions no longer counted as predicate felonies under the Guidelines, he would not be entitled to relief, because the sentencing error was the same issue that was presented in *Foote*: the incorrect classification of a prior conviction to support a career offender designation. (*Id.* at 5-6). The government asserted that, because the Guidelines were advisory and the sentencing judge was obligated to apply the statutory sentencing factors in 18 U.S.C. § 3553(a) to determine the appropriate sentence, Cleckley's supposedly incorrect career offender designation was not a fundamental defect sufficient to invoke the savings clause. (*Id.* at 6). Furthermore, the government stated that, taking a peek at the merits of the petition, Cleckley did not argue that he was factually innocent of the predicate offenses, and they have not been vacated. (*Id.* at 8). Rather, Cleckley only argued that he is innocent of being a career offender under the Guidelines, a claim which the government reiterated is unavailing under Fourth Circuit law. (*Id.*).

In reply to the government's response, Cleckley conceded that the Fourth Circuit determined that advisory calculation claims are not cognizable because the defendant would have received the same sentence based on the sentencing factors. (ECF No. 15 at 4). However, he posited that "the mere distinction between mandatory and advisory guidelines" should not "automatically doom" claims like those presented in his petition. (*Id.*). He stated that "there are plausible scenarios in which a defendant's incorrect

7

designation as a career offender under the advisory Guidelines would necessarily create a 'fundamental miscarriage of justice,'" and that the Court should thus allow him to proceed under § 2241. (*Id.* at 6).

## II.  Standard of Review

The government does not identify the standard under which it seeks dismissal of Cleckley's petition. It filed a response concurrently with the motion to dismiss. Therefore, the motion should be treated as a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, whether the Court construes the motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the distinction makes no practical difference as the same standard of review applies to either motion, and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. cv PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In

8

addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint … as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### III. Governing Law

"In evaluating substantive claims under the savings clause … we look to the substantive law of the circuit where the defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). On the other hand, procedural issues are governed by the procedural law of the circuit in which the petition is pending. *Id.* Cleckley was convicted and sentenced in the District Court for the Western District of Pennsylvania, which sits within the Third Circuit. Accordingly, the undersigned will consider the substantive claims in Cleckley's § 2241 petition under the substantive law of the Third Circuit, while applying the procedural law of the Fourth Circuit.

### IV. Discussion

Despite the title he affixes to his petition, Cleckley unequivocally challenges the validity of his sentence, not its execution. As such, his filing is not a habeas petition under 28 U.S.C. § 2241; rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

Nevertheless, on rare occasions, issues reserved for motions under § 2255 may be raised in petitions for habeas relief filed under § 2241. The "savings clause," found at 28 U.S.C. § 2255(e), allows a § 2241 petition to take the place of a § 2255 motion when "§ 2255 proves inadequate or ineffective to test the legality of detention." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted). To trigger the savings clause, a petitioner challenging his sentence must show that all of the following factors exist: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *Wheeler*, 886 F.3d at 429.

The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Wheeler* criteria. *See Hood v. United States*, 2001 WL 648636, at *1 (No. 01-6151, 4th Cir. June 12, 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014). The savings clause requirements are jurisdictional, rather than procedural. *Wheeler*, 886 F.3d at 426. Therefore, the court does not have jurisdiction to entertain the § 2241 petition if the *Wheeler* criteria are not met. *Id*.

Here, Cleckley does not establish the four *Wheeler* factors that would allow him to file a § 2241 habeas petition in place of a § 2255 motion. In particular, Cleckley cannot meet the second factor, because he fails to show any change in the substantive law pertaining to the legality of his sentence, which was made retroactive on collateral review.

Cleckley contends that his prior state convictions for aggravated assault under 18 PA. CONS. STAT. § 2702(a)(1) and possession with intent to deliver a controlled substance under 35 PA. STAT. § 780-113(a)(30) no longer count as predicate felonies for purpose of the career offender enhancement under the Guidelines. (ECF Nos. 1, 2). As an initial matter, the undersigned notes that the Third Circuit has explicitly stated that a conviction for possession with intent to deliver a controlled substance under § 780-113(a)(30) may serve as a predicate offense for a career-offender enhancement under § 4B1.1 of the Guidelines. *United States v. Glass*, 904 F.3d 319, 324 (3d Cir. 2018), *cert. denied,* 139 S. Ct. 840 (2019). Regarding Cleckley's other conviction for aggravated assault under Pennsylvania law, the undersigned is cognizant of the fact that the Third Circuit held that a conviction under 18 PA. CONS. STAT. § 2702(a)(1) no longer qualified as a predicate felony under the ACCA. *United States v. Mayo*, 901 F.3d 218, 230 (3d Cir. 2018). In addition, a district court in the Third Circuit held in the context of resentencing a defendant whose sentence was vacated under *Johnson* that a conviction for aggravated assault under 18 PA. CONS. STAT. § 2702 is not a predicate "crime of violence" under § 4B1.2(a) of the Guidelines, and the district court found that the defendant was not subject to a career offender sentencing enhancement on that basis. *United States v. Haines*, 296 F. Supp. 3d 726, 736 (E.D. Pa. 2017).

However, the foregoing cases do not apply because Cleckley was not sentenced as a career offender under the ACCA, nor is his claim presented in the context of resentencing after his initial sentence was vacated. Rather, the matter is before the Court on habeas review. The sole issue in evaluating Cleckley's § 2241 petition is whether Cleckley can avail himself of the savings clause due to an alleged erroneous career offender designation under the Guidelines. The government argues that Cleckley may not

11

attack his sentence on these grounds because he is challenging the application of his advisory Guidelines range, and the Fourth Circuit has previously held that challenges of this nature are not susceptible to review under the savings clause. As noted by the government, the Fourth Circuit held in *Foote*, 784 F.3d at 941, that the advisory nature of the Guidelines means that an error in their application does not result in a "fundamental defect or a complete miscarriage of justice" as required to utilize the savings clause. The Fourth Circuit later affirmed that the advisory nature of the Guidelines renders an error in their calculation to be a non-fundamental defect. *See Lester,* 909 F.3d 708 at 715 (holding that an error in the Guidelines calculation was a fundamental error where the petitioner was sentenced under pre-*Booker* mandatory guidelines, but "*Foote* undoubtedly would bar [the petitioner's] petition had he been sentenced under the advisory Guidelines."); *see also Gomez v. Young*, No. 5:17-cv-01383, 2019 WL 896263, at *3 (S.D.W. Va. Feb. 22, 2019), *aff'd*, 771 F. App'x 320 (4th Cir. 2019) ("The Fourth Circuit later held that 'a misapplied career offender enhancement' under the advisory Guidelines would likewise not be a fundamental defect for purposes of the savings clause in § 2241 petitions.") (quoting *Lester*, 909 F.3d at 715); *Kornegay v. Warden, FCI Butner,* 748 Fed. Appx. 513, 514 (4th Cir. 2019) (denying § 2241 petition because "[the petitioner] was sentenced under the advisory Guidelines and *Foote* bars his petition.") (unpublished).

Likewise, as the Sentencing Court so aptly explained in denying Cleckley's § 2241 petition that raised the same claims that he presents herein, Third Circuit law does not allow Cleckley to utilize the savings clause to challenge his alleged erroneous career offender designation under the Guidelines. *Cleckley*, 2018 WL 4190155, at *2; *see also Littles v. Warden Schuylkill FCI*, No. 15-3003, 2020 WL 65059, at *2 (3d Cir. Jan. 7, 2020); *Keys v. Warden Fairton FCI*, 767 F. App'x 219, 222 (3d Cir. 2019); *Cook v.*

12

*McKean*, No. 1:18-cv-257, 2020 WL 929948, at *3 (W.D. Pa. Jan. 10, 2020), *report and recommendation adopted,* 2020 WL 924004 (W.D. Pa. Feb. 26, 2020) (stating that the petitioner's claim did not fall within the savings clause because "he is not claiming that he was convicted of conduct that was subsequently decriminalized by a change in the law – that is, that he is now actually innocent of conspiracy to possess with intent to distribute and to distribute cocaine base, the crimes to which he pled guilty. Rather, he was challenging the applicability of a sentencing enhancement based upon an intervening change in substantive law. Courts in this Circuit, including the Court of Appeals, have repeatedly held that district courts lack jurisdiction to consider such claims under § 2241.") *See*, *e.g.*, *Scott v. Shartle*, 574 Fed. Appx. 152, 155 (3d Cir. 2014) ("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in *In re Dorsainvil* and cannot proceed under § 2241.") (citing *Okereke v. United States*, 307 F.3d 117, 120-21 (3d Cir. 2002)); *United States v. Brown*, 456 Fed. Appx. 79, 81 (3d Cir. 2012) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. [Petitioner] has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender."); *McGee v. Ebbert*, 2019 WL 6339898, at *2 (M.D. Pa. Nov. 1, 2019) ("The Third Circuit has consistently held that the challenges of federal inmates attacking sentencing enhancements cannot be raised by means of a Section 2241 petition and a district court does not have Section 2241 jurisdiction to reexamine the decisions of the federal Sentencing Court.") (collecting cases)).

Cleckley contends that his sentence is unconstitutional under *Johnson*. (ECF Nos. 2, 15). However, Cleckley explicitly states that he was sentenced under advisory Guidelines, not the ACCA, which was the statute analyzed in the *Johnson* case. Although the reasoning in *Johnson* has been extended to other **statutes**, it does not provide a basis to challenge Cleckley's career offender enhancement under the Guidelines. As mentioned, the Supreme Court unequivocally held in *Beckles* that the rationale used in *Johnson* does not apply to defendants, like Cleckley, who challenge their sentences under the residual clause in the advisory Guidelines. *Beckles*, 137 S. Ct. at 892. Therefore, *Johnson* did not change the substantive law pertaining to the legality of Cleckley's sentence, and it is not a basis to invoke the savings clause. Moreover, *Johnson* was decided in 2016, yet Cleckley's instant petition was not filed until 2018. (ECF No. 1); 28 U.S.C. § 2255(f)(3) (stating that the § 2255 motion must be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court"). Clearly, rather than asserting a newly-recognized right, Cleckley is attempting to advance the same *Johnson* claim that he already raised and then voluntarily withdrew in his § 2255 motion in the Sentencing Court. Therefore, *Johnson* does not allow Cleckley to meet the *Wheeler* criteria in order to pursue relief pursuant to § 2241 in this Court.

In sum, as Cleckley does not assert any change to the substantive law pertaining to the legality of his sentence, he fails to qualify for the savings clause exception. Given that Cleckley cannot meet the *Wheeler* criteria, his petition for habeas relief is properly construed as a § 2255 motion. Unlike § 2241 petitions, which are brought in the district in which the petitioner is incarcerated, *see United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the prisoner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Therefore, if this Court

chooses to construe the petition as a § 2255 motion, then the matter must be transferred to the appropriate court, as this Court lacks jurisdiction over the action. By statute, "upon receiving a wrongfully filed petition in a civil action, a court 'shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed.'" *United States v. McNeill*, 523 F. App'x 979, 983 (4th Cir. 2013) (quoting 28 U.S.C. § 1631). However, transfer of a petition that is filed in the incorrect court is not mandatory. *Id.* at 984. Rather, a district court retains the discretion to dismiss, rather than transfer, a petition that is frivolous or time-barred. *Id.*

In this case, Cleckley's action must be dismissed, rather than transferred to the proper court. To begin, the instant action was filed more than one year after Cleckley's conviction became final. Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Reviewing the petition, the undersigned finds no claimed impediment, or statement of fact or law, that would trigger a date described in subsection 2, 3, or 4 of § 2255(f). Cleckley's judgment became final in 2011 upon the expiration of the

time period within which he could file a petition for a writ of certiorari in the Supreme Court. *Clay v. United States*, 537 U.S. 522, 524–30 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Cleckley had one year from that date to file a § 2255 motion, but Cleckley did not file the instant action until 2018. Therefore, the petition was clearly filed after the expiration of the one-year limitation period.

Furthermore, Cleckley does not assert a basis for, nor does the record provide a basis for, equitable tolling. *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (holding that equitable tolling should only be extended when a habeas petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (stating that the AEDPA statute of limitations can be tolled in "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the party and gross injustice would result."). Consequently, Cleckley's petition is very clearly untimely.

Additionally, Cleckley has not received authorization from the Third Circuit to file a second or successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), which would remove any benefit to be gained from a transfer to the Sentencing Court. The law is well-settled that a district court lacks jurisdiction to consider a second or successive motion filed under 28 U.S.C. § 2255 unless the motion has been certified in advance by a panel of the appropriate circuit court of appeals. 28 U.S.C. § 2255(h). Cleckley previously filed several § 2255 motions, which related to the same conviction and sentence that he presently challenges. Cleckley has not received

authorization from the Third Circuit to proceed with a second or successive § 2255 motion.

Although the Court lacks jurisdiction to address the merits of Cleckley's motion, the Court may exercise its authority under 28 U.S.C. § 1631 to recharacterize the petition as a motion for pre-filing authorization and transfer it to the Third Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court in which the action … could have been brought at the time it was filed … and the action … shall proceed as if it had been filed in … the court to which it is transferred on the date upon which it was actually filed in … the court from which it is transferred.

The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). Instead, district courts retain discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Id*. A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *McNeill*, 523 F. App'x at 984 (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous).

In order for a court of appeals to grant a petitioner's request to file a second or successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

17

>evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. In considering whether a pre-filing authorization motion should be granted, the Fourth Circuit considers "whether the applicant made the requisite prima facie showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014). Here, "tak[ing] a peek at the merits" of Cleckley's motion, the undersigned concludes that Cleckley has not set forth a potentially meritorious claim under either prong of § 2255(h). *Phillips*, 173 F.3d at 610. Cleckley offers no "newly discovered" evidence, nor is there a new rule of constitutional law applicable to his claim. Because the petition fails to allege a potentially meritorious claim, transfer to the Third Circuit is not "in the interest of justice."

For the foregoing reasons, the undersigned **FINDS** that this Court lacks jurisdiction to consider Cleckley's habeas petition. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding district judge **DENY** the petition and **DISMISS** this action with prejudice.

V.     **Proposal and Recommendations**

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, (ECF No. 13); Cleckley's petition be **DENIED** as a second, successive and unauthorized motion made pursuant to 28 U.S.C. § 2255, (ECF No. 1); and that this action be **DISMISSED**, with prejudice, and **REMOVED** from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** March 3, 2019

_____
Cheryl A. Eifert
United States Magistrate Judge