IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

FREDDIE CLECKLEY,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:18-01363

BARBARA RICKARD, Warden,
FCI McDowell,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert submitted to the court her Findings and Recommendation on March 3, 2020, in which she recommended that the district court deny plaintiff's petition for a writ of habeas corpus, grant defendant's motion to dismiss, dismiss plaintiff's petition under 28 U.S.C. § 2241 with prejudice, and remove this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). Moreover, this court need not conduct a de novo review when a plaintiff "makes general and conclusory objections

that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

On March 11, 2020, Cleckley filed a motion for an extension of time to file his objections.  See ECF No. 19.  That motion is hereby **GRANTED** and the objections that plaintiff filed on April 1, 2020, see ECF No. 20, are deemed to be timely filed.  With respect to those objections, the court has conducted a de novo review.

On April 23, 2010, in the United States Court for the Western District of Pennsylvania, Cleckley pled guilty to a three-count indictment charging him with: (1) possession with intent to distribute five grams or more of cocaine base (Count One); (2) carrying a firearm in relation to a drug trafficking crime (Count Two); and (3) being a felon in possession of a firearm (Count Three).  On August 27, 2010, Cleckley was sentenced to a term of imprisonment of 188 months on Count One and 120 months on Count Three, to run concurrently to each other.  The sentences on Counts One and Three were, however, imposed to run consecutively to the 60-month sentence imposed on Count Two, for a total term of imprisonment of 248 months.  His sentence was driven in part by his criminal history as he was found to be a career offender under the advisory sentencing guidelines.

Magistrate Judge Eifert's PF&R is thorough and comprehensive and provides an excellent account of the various arguments Cleckley raises that, according to him, entitle him to habeas relief.  Plaintiff's objections do not direct the court to specific errors in the PF&R but, rather, merely restate the same arguments previously made without confronting the deficiencies identified in the PF&R.

As Magistrate Judge Eifert correctly noted, Cleckley challenges the validity of his conviction and sentence and, therefore, in view of the nature of his claims, his application must be considered to be a Motion to Vacate, Set Aside or Correct his sentence under § 2255.  Motions under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective.  See Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) ("Generally, defendants who are convicted in federal court must pursue habeas relief from their convictions and sentences through the procedures set out in 28 U.S.C. § 2255.").  The remedy under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255.

"Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves `inadequate or ineffective to test the legality of a [prisoner's]

3

detention.'" Hahn, 931 F.3d at 300 (quoting 28 U.S.C. § 2255(e)); see also In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves `inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). "In determining whether to grant habeas relief under the savings clause, [a court should] consider (1) whether the conviction was proper under the settled law of this circuit or Supreme Court at the time; (2) if the law of conviction changed after the prisoner's direct appeal and first § 2255 motion; and (3) if the prisoner cannot meet the traditional § 2255 standard because the change is not one of constitutional law." Hahn, 931 F.3d at 300-01 (citing In re Jones, 226 F.3d at 333-34).

The United States Court of Appeals for the Fourth Circuit has also held that a person in federal custody may, under certain circumstances, use the savings clause under § 2255 to challenge his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (2018). In Wheeler, the Fourth Circuit held that § 2255 is inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2)

4

>  for second or successive motions; and (4) due to
>  this retroactive change, the sentence now presents
>  an error sufficiently grave to be deemed a
>  fundamental defect.

Id. at 429 (citing In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000)).

The plaintiff bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. See In re Jones, 226 F.3d at 332-33; Young v. Conley, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001); see also Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.") (citations omitted). A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion. Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Magistrate Judge Eifert concluded that plaintiff could not satisfy the second prong of the Wheeler test because he could

5

not show any change in the substantive law pertaining to the legality of his sentence which was made retroactive on collateral review.  See PF&R at p. 10.  Magistrate Judge Eifert went on to note that both Third and Fourth Circuit law do not allow Cleckley to use the savings clause to challenge an alleged erroneous career offender designation under the guidelines.

Under the fourth prong of the Wheeler test, a sentencing error must be sufficiently grave to be deemed a fundamental defect.  As the PF&R noted, courts in both the Fourth and Third Circuits have concluded that errors in applying the advisory guidelines are not cognizable in habeas review.  See PF&R at pp. 12-13 and authorities cited therein; see also United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015) ("sentencing a defendant pursuant to advisory Guidelines based on a career offender status that is later invalidated" is not "a fundamental defect which inherently results in a complete miscarriage of justice"); Scott v. Shartle, 574 F. App'x 152, 155 (3d Cir. 2014) ("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in In re Dorsainvil and cannot proceed under § 2241.").

Cleckley objects to the PF&R's ultimate conclusion that his claim is not cognizable in § 2241 but he does not really grapple with the analysis in the PF&R detailing why he is unable

6

to proceed under the savings clause. For example, he directs the court to the Fourth Circuit's decision in Braswell v. Smith, 952 F.3d 441 (4th Cir. 2020). See ECF No. 20 at p.2. Braswell, however, only bolsters the PF&R's conclusion that Cleckley could not satisfy the Wheeler test based on an erroneous career offender designation.

> We make clear, however, that Appellant's satisfaction of prong four is based on the increase in his mandatory minimum, not on his career offender designation. As we stated in United States v. Foote, a "fundamental defect or a complete miscarriage of justice" has not occurred where the petitioner was sentenced as a career offender "under an advisory Guidelines scheme." . . . Here, Appellant was deemed a career offender under an advisory Guidelines scheme; thus, to the extent Appellant bases his Wheeler claim on his career offender designation, he does not satisfy prong four.

952 F.3d at 450. The allegedly erroneous career offender designation is the whole ballgame for plaintiff. His inability to satisfy the Wheeler test on that claim is fatal to proceeding under § 2241. Cleckley's argument to the contrary is without merit and, therefore, **OVERRULED**.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Eifert, the court hereby **OVERRULES** plaintiff's objections and adopts the findings and recommendations contained therein. Accordingly, the court hereby **DENIES** plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus, **GRANTS** defendant's motion to dismiss, **DISMISSES** plaintiff's

7

petition under 28 U.S.C. § 2241 with prejudice, and directs the Clerk to remove this case from the court's active docket.*

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 17th day of February, 2021.

ENTER: *Daniel A. Faber*
David A. Faber
Senior United States District Judge

---

* On February 3, 2021, Cleckley filed a "Motion pursuant to Exparte with Medical Records, Also First Step Act, and Contracting Covid-19. Resentence to First Step Act." ECF No. 21. To the extent that motion seeks relief from this court it is **DENIED**. Motions under the First Step Act should be filed with the sentencing court.